IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RONALD L. PRONECHEN,          )
                              )    2:06-cv-1726-GEB-DAD
             Plaintiff,       )
                              )
     v.                       )    ORDER*
                              )
SECRETARY OF U.S. DEPARTMENT  )
OF HOMELAND SECURITY,         )
                              )
             Defendant.       )
_____)
```

Pending are cross motions for summary judgment on Plaintiff's declaratory relief claim, in which Plaintiff seeks a declaration that the Equal Employment Opportunity Commission ("EEOC") erroneously dismissed Plaintiff's administrative age discrimination complaint as untimely. The parties dispute the date on which Plaintiff's claim accrued and whether Plaintiff had notice of the time limit within which he was required to present his claim to the EEOC after accrual.

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Plaintiff worked for the General Services Administration ("GSA") in the Federal Protective Service ("FPS") from 1989 until he retired in July 2000. (Def.'s Response to Pl.'s Statement of Undisputed Facts ("Def.'s RSUF") ¶ 1.) After the events of September 11, 2001, Plaintiff applied for various positions with the FPS under its new managing agency, the Department of Homeland Security ("DHS"). (Id. ¶ 5.) Plaintiff was unsuccessful in his re-employment attempts. (Pronechen Decl. ¶ 6.) On January 14, 2004, Plaintiff received an email notifying him that no selection was made for the DHS position for which he had applied because the position had been canceled. (Def.'s RSUF ¶ 8.) Plaintiff contacted an equal employment opportunity ("EEO") counselor alleging age discrimination on March 30, 2004. (Id. Ex. 7, at 1.) The EEOC dismissed Plaintiff's complaint as untimely because Plaintiff did not contact an EEO counselor within 45 days of his receipt of the January 14 email. (Id. Ex. 7, at 3.)

I.  Accrual of Claim

Defendant argues that Plaintiff's age discrimination claim accrued when he received the January 14 email because this is the allegedly discriminatory "personnel action." (Def.'s Opp'n at 3:22-25.) Plaintiff rejoins declaring that the January 14 email was insufficient to put him on notice of an age discrimination claim since it merely stated the position had been canceled; therefore, this email does not trigger the date on which his age discrimination claim accrued. Plaintiff declares that his claim did not accrue until February 27, 2004, when he had a conversation with Russell Oase, the DHS Deputy Director for the Region during which Oase told Plaintiff that Oase had been instructed to recruit and hire at the college level. (Pronechen Decl. ¶ 9.) Defendant counters that Plaintiff had a conversation with Oase in the summer of 2003 which was "virtually

2

identical" to Plaintiff's conversation with Oase on February 27 and therefore, Plaintiff's claim accrued before the February 27 conversation. (Def.'s Opp'n at 8:23.)

Under EEOC regulation 29 C.F.R. § 1614.105(a)(1) a complainant "must initiate contact with a [c]ounselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." This time limit is not a jurisdictional prerequisite, and is subject to waiver, estoppel, and equitable tolling. Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985). Therefore, the 45-day time period "begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Id.

Plaintiff declares that during the summer 2003 conversation with Oase, Plaintiff mentioned his "lack of success in re-employment" and Oase responded, "stat[ing] that he had been told to recruit and hire at the college level."[1] (Pronechen Decl. ¶ 6.) "While this was discouraging to [Plaintiff,] . . . [Oase's] words and manner led [Plaintiff] to believe that [Oase] intended to and would assist [Plaintiff] in getting hired notwithstanding his instructions." (Id.) Oase "was a close friend of [Plaintiff] - the best man at [his] wedding and a former roommate." (Id.) Defendant disputes the reasonableness of Plaintiff's impression that Oase would assist Plaintiff with his re-employment effort, and presents Oase's declaration in which Oase says he "never told nor intimated to

---

[1] Defendant does not dispute that Oase said he was told to recruit and hire at the college level for the purposes of these cross-motions only. (Def.'s RSUF ¶ 6.)

3

[Plaintiff] that [Oase] could get [Plaintiff] a job."  (Oase Decl. ¶ 6.)

Plaintiff declares that in the February 27 conversation, Oase reiterated that the agency was directed to recruit and hire at the college level, and that Oase's tone "made it clear that [Plaintiff] was not going to be rehired" because he was "too old." (Pronechen Decl. ¶ 9.)  Oase disagrees with how Plaintiff characterizes his tone.  (Oase Decl. ¶ 7.)

The parties' dispute concerning whether Oase used a different tone in the second conversation is a disputed factual issue that cannot be resolved in this motion.  Therefore, summary judgment is denied on this issue.

## II.   Notice of the 45-Day Time Limit

Plaintiff also argues that his EEO contact was timely as a matter of law because the EEOC regulations provide for a mandatory waiver of the 45-day time limit when a party does not have notice of the time limit.  (Pl.'s Mot. at 2:24-28.)  Defendant rejoins since Plaintiff was a federal employee for over 30 years, he received notice of the time limit from his training and information disseminated during his tenure with the GSA.  (Def.'s Opp'n at 6:16-22.)  Plaintiff rejoins this information does not meet the EEOC notice requirements. (Pl.'s Reply at 23:5-8.)  Additionally, Plaintiff contends that GSA's actions are irrelevant to the discrimination at hand because DHS failed to give applicants notice of the time limit.  (Id. at 24:4-9.)

EEOC regulation 29 C.F.R. § 1614.105(a)(2) provides that a mandatory extension of the 45-day time limit is appropriate when an "individual shows that he or she was not notified of the time limits and was not otherwise aware of them."  The inquiry into whether Plaintiff was notified is a two-fold analysis.  "A court must not only

4

consider if notification of the time requirements was provided, but [also if it was] reasonably geared to inform the complainant of the time limits." Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995) (internal quotation marks omitted).

Defendant submits evidence that GSA provided notice of the time limit to employees while Plaintiff was employed; specifically, three different EEO memoranda issued to all employees, EEO posters and information posted in a GSA break room, and evidence that notice of the time limit was presented during a training session on sexual harassment which Plaintiff attended. (Def.'s Opp'n at 5:5-23.) Plaintiff rejoins he does not recall receiving any of these notices. (Pl.'s Reply at 8:4-11.)

Plaintiff does not recall receiving the EEO memoranda while working for FPS. (Def.'s RSUF at ¶¶ 1, 4; Pl.'s Statement of Undisputed Facts ¶¶ 3, 4.) Defendant argues Plaintiff's failure to recall receiving these documents does not indicate conclusively that he did not receive them. (Def.'s Reply at 3:5-11.) Plaintiff also provides declarations of co-workers who do not recall receiving the memoranda. (Pl.'s Opp'n DSUF ¶ 4.) In addition, Plaintiff argues Defendant's only evidence that the memoranda were sent out is the declaration of someone who does not have personal knowledge and no evidence is provided that the memoranda reached Plaintiff's office and was distributed to the employees. (Pl.'s Reply at 9:6-9, 12:25-13:5.)

Plaintiff does not dispute that the GSA had EEO posters with the requisite information posted in the 650 Capitol Mall building. (Pl.'s Opp'n DSUF ¶ 15.) However, Plaintiff argues they were not posted in a place and manner reasonably capable of informing him of the time limits. (Pl.'s Reply at 6:24-26.) The parties dispute where

1  the notices were posted and the extent of Plaintiff's access to them.
2  (Pl.'s Opp'n DSUF ¶ 15.)
3       Plaintiff asserts he does not recall the time limit being
4  discussed at the sexual harassment training he attended.  (Pl.'s Opp'n
5  DSUF ¶ 3.)  In addition, Plaintiff submits declarations of two other
6  employees who attended the training and do not recall the time limit
7  being discussed.  (Pl.'s Ex. 10, at 1; Pl.'s Ex. 11, at 1.)  Plaintiff
8  does not remember attending the training, but admits he attended since
9  his signature is on the sign in sheet.  (Pl.'s Ex. 12, at 13:1-20.)
10 Defendant submits the declaration of the trainer, Ms. Allmon, in which
11 she declares that she disseminated information regarding "timing
12 procedures for filing an EEO complaint and for initial counselor
13 contact."  (Def.'s Ex. 3, at 3.)  However, the record does not evince
14 this information was reasonably geared to inform Plaintiff of his
15 rights.  Therefore, summary judgment is denied on this issue.
16      IT IS SO ORDERED.
17 Dated:  April 20, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge