```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


RONALD PRONECHEN,              )
                               )        2:06-CV-1726-GEB-DAD
                Plaintiff,     )
                               )
     v.                        )        ORDER
                               )
SECRETARY OF U.S. DEPARTMENT OF)
HOMELAND SECURITY,             )
                               )
                Defendant.     )
_____)
```

Defendant moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1] to dismiss Plaintiff's Complaint, which alleges that the Department of Homeland Security ("DHS" or "Defendant") wrongly dismissed his age discrimination administrative complaint as untimely.  Plaintiff opposes the motion and moves for leave to amend the Complaint.

///

///

_____

[1]    All subsequent references to "Rules" refer to the Federal Rules of Civil Procedure.

1

PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff, who is over 40 years of age, applied for employment with DHS[2] in 2003, but was notified on January 14, 2004, that he did not receive the job. (Compl. ¶ 4.)  On February 27, 2004, a DHS official made statements from which Plaintiff concluded that his age was a motivating factor in the decision not to hire him.  (Id. ¶ 5.)  On March 30, 2004, Plaintiff spoke with an Equal Employment Opportunity ("EEO") counselor concerning DHS's decision not to hire him.  (Id. ¶ 6.)  He subsequently filed an administrative complaint with DHS, which DHS rejected as untimely on the basis that Plaintiff did not speak with the EEO counselor within 45 days after Plaintiff's claim accrued on January 14, 2004.  (Id.)  Plaintiff appealed the DHS decision to the Equal Employment Opportunities Commission ("EEOC"), which affirmed the DHS dismissal decision.  (Id. ¶ 7.)

Plaintiff alleges a declaratory relief claim, requesting (1) "[t]hat this Court declare that [P]laintiff's administrative complaint was improperly dismissed as untimely," and (2) "[t]hat this Court remand [P]laintiff's claim to the agency with instructions to process his administrative complaint as timely."

///

///

///

///

///

///

---

[2]    Plaintiff applied for employment with the Federal Protective Service, which later became part of DHS.  (Compl. ¶ 3.)

1                           DISCUSSION

2  I. Motion to Dismiss for Failure to State a Claim[3]

3          Defendant seeks dismissal of Plaintiff's Complaint, arguing

4  Plaintiff's claim that DHS improperly dismissed his administrative

5  complaint is not cognizable under the Age Discrimination in Employment

6  Act ("ADEA").  (Def.'s Mot. at 5:24-8:15.)  Defendant argues the ADEA

7  only authorizes Plaintiff to bring a civil action for a substantive

8  age discrimination claim in federal district court.  (Id.)  Plaintiff

9  counters that his declaratory relief claim is cognizable under the

10 ADEA.  The ADEA provides:  "Any person aggrieved [by age

11 discrimination] may bring a civil action in any Federal district court

12 of competent jurisdiction for such legal or equitable relief as will

13 effectuate the purposes of this chapter."  29 U.S.C. § 633a(c).

14         Plaintiff has not pled a substantive age discrimination

15 claim; rather, he seeks declaratory relief supporting his position on

16 when his claim accrued and a remand to the agency of his

17 administrative complaint should that declaration issue.  (Compl. at

18 3:21-26.)  Even assuming, arguendo, that the declaratory relief

19 Plaintiff seeks in his Complaint is appropriate under the ADEA,

20 because of material disputed factual issues that preclude a pretrial

21

22

23         [3]   The Rule 12(b)(6) standards are well known and need not be
   repeated.  Although Defendant moves, in the alternative, to dismiss
24 Plaintiff's Complaint under Rule 12(b)(1), the essence of Defendant's
   motion is that Plaintiff has not pleaded a cognizable federal claim.
25 Since "[a]ny non-frivolous assertion of a federal claim suffices to
   establish federal question jurisdiction, even if that claim is later
26 dismissed on the merits," Defendant's motion is properly decided under
   Rule 12(b)(6).  See Cement Masons Health & Welfare Trust Fund for N.
27 Cal. v. Stone, 197 F.3d 1003, 1007-08 (9th Cir. 1999) (reversing
   district court's dismissal under Rule 12(b)(1) where plaintiff's federal
28 claim was not cognizable under the federal statute, and holding that
   claim should have been dismissed under Rule 12(b)(6)).

1 ruling on the accrual issue (see Order filed April 23, 2007), which

2 factual disputes are intertwined with Plaintiff's unpled substantive

3 age discrimination claim, declaratory relief is not appropriate.

4 "[I]n evaluating a claim for . . . declaratory relief courts must

5 necessarily consider the adequacy of any remedy at law before awarding

6 equitable relief . . . ." Aqua Caliente Band of Cahuilla Indians v.

7 Hardin, 223 F.3d 1041, 1050 (9th Cir. 2000).  Since Plaintiff has not

8 shown the inadequacy of a remedy at law, his present declaratory

9 relief claim is dismissed.

10 II. Plaintiff's Motion for Leave to Amend Complaint

11 Plaintiff seeks leave to amend his Complaint.  (Pls.' Mot.

12 for Leave to Am. at 3:1-4:17; Pl.'s Opp'n at 12:14-13:7.)  Although

13 the right to amend is not preserved in the Rule 16 Scheduling Order,

14 Plaintiff stated in the Joint Status Report:  "It may be that the

15 proper response to Defendant's [] motion to dismiss for lack of

16 jurisdiction will be a motion by Plaintiff to amend his complaint;

17 Plaintiff requests that this Court's Order provide for that."  (Joint

18 Status Report at 2:4-9, 4:3-7.)  Since this anticipated amendment

19 language was overlooked when the Rule 16 Scheduling Order was

20 prepared, Plaintiff request for leave to amend is granted.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

<u>CONCLUSION</u>

Plaintiff's claim for declaratory relief is dismissed. Plaintiff is granted ten days leave from the date on which this order is filed to file an amended complaint.

IT IS SO ORDERED.

Dated:  March 3, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge