1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  Ronald L. Pronechen,          )   CV 06-1726-LEW
                                  )
12                   Plaintiff,   )      **\*\*AMENDED\*\***
                                  )   ORDER **GRANTING**
13          v.                    )   Plaintiff's Motion to
                                  )   Amend Scheduling Order
14  Secretary of U.S.            )   [64]
    Department of Homeland        )
15  Security,                     )
                                  )
16                                )
                     Defendant.   )
17                                )
                                  )
18  _____)

19      Plaintiff's Motion to Amend Scheduling Order [64]

20  was set for hearing on July 17, 2009.  Having taken the

21  matter under submission on July 13, 2009, and having

22  reviewed all papers submitted pertaining to this motion

23  the Court, **NOW FINDS AND RULES AS FOLLOWS:**

24

25  Plaintiff has demonstrated good cause to extend

26  discovery and amend the scheduling order accordingly.

27  Thus, Plaintiff's Motion to Amend Scheduling Order is

28  **GRANTED,** with limitations.  In re-opening discovery,

1   the Court permits depositions of witnesses previously

2   disclosed and not deposed, as well as written discovery

3   regarding documents and information disclosed and

4   available prior to the original discovery cut-off date,

5   so long as the discovery would have been conducted

6   prior to the discovery cut-off deadline had these

7   documents been provided, and is not based on completely

8   new theories.

9

10      In addition, Plaintiff is allowed to conduct

11  discovery regarding four additional applications

12  (0492424, 0490444,049054, & 0492414) he made after he

13  submitted his original administrative claim because the

14  additional applications are reasonably related to the

15  original allegations.  See Chung v. Pomona Valley

16  Community Hospital, 667 F.2d 788, 792 (9th Cir. 1982)

17  (holding that alleged discriminatory claims that are

18  not recorded in the original EEOC charge may be

19  adjudicated so long as they are "like or reasonably

20  related to the allegations of the EEOC charge").[1]

21  Furthermore, the recently provided documents indicate

22

23      [1] Though Chung applies to the actual adjudication

24  of claims, this Order only permits discovery regarding

25

26  these applications and should not be read as permitting

27  adjudication of these claims or as amending the

28  original complaint to include these claims.

2

1  that it is important to pursue discovery regarding

2  these claims.  However, Plaintiff cannot pursue

3  discovery related to claims he has already dismissed.

4

5      Accordingly, the Court sets the following dates:

6  Discovery Cut-Off:          10-21-09

7  Expert Cut-Off:             12-18-**09\*\***

8  Last day to file motions:   01-21-10

9  Final Pretrial Conference:  03-23-10 10 a.m.

10 **\*\*Court** Trial:             05-18-10 10 a.m.

11

12 **IT IS SO ORDERED.**

13
                              /s/

14  _____

15                    **HONORABLE RONALD S.W. LEW**

16          Senior, U.S. District Court Judge

17

18 DATED:  August 7, 2009

19

20

21

22

23

24

25

26

27

28