# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald L. Pronechen,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Secretary of U.S.<br>Department of Homeland<br>Security,<br><br>　　　　　Defendants. | ED-CV 06-1726 LEW<br><br>ORDER Re: Defendant's<br>Motion for Summary<br>Judgment<br>**[88]** |

　　Defendant's Motion for Summary Judgment was originally set for hearing on March 5, 2010.  Having taken the matter under submission on March 1, 2010, and having reviewed all papers submitted pertaining to this motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

　　The Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment.

　　Summary judgment is appropriate when the pleadings, affidavits, and other supporting papers demonstrate

that there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). When making this determination, the Court must view the record in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). A "genuine" dispute is one that is supported by evidence sufficient to permit a reasonable jury to find in favor of the nonmoving party. <u>Id.</u> at 247-48.

Under the Age Discrimination in Employment Act, a federal employee who wants to assert an age discrimination claim has two options. First, the complainant can give the EEOC notice of the alleged act within 180 days, and then give notice of suit at least 30 days prior to the filing of the suit. 29 U.S.C. § 633a(c),(d); 29 C.F.R. § 1614.201. Or, second, the complainant may pursue the complaint administratively before the EEOC and appeal any loss in federal court. 29 U.S.C. §633a(b),(c); 29 C.F.R. § 1614.407.

If an aggrieved person desires to follow the second route, he or she must "initiate contact with a counselor within 45 days of the date of the matter to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

The 45 day time limit shall be extended "when the individual shows that he or she was not notified of the

time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2).

Furthermore, if a plaintiff can show "that despite due diligence he or she was prevented by the circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2).

Under federal law, an employment discrimination claim accrues "upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1049 (9th Cir. 2008). Two doctrines "may apply to extend the limitations period." Id. at 1051. The two doctrines are equitable tolling and equitable estoppel. See id.

"If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

"Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit, whereas equitable tolling

focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." Santa Maria v. Pac. Bell, 202 F.3d 1170,1176 (9th Cir. 2000).

The Court hereby finds that Plaintiff, by filing a complaint with the Equal Employment Opportunity Commission, on March 30, 2004, failed to file a complaint within the required 45 day time period for any of the seven positions, specifically the positions listed under Announcements, 0390224, 0390874, 0392144, 0392154, 0392174, 0392184, and 0392644. However, the Court finds a triable issue of material fact, as to whether Plaintiff's claims should be equitably tolled as to all seven positions.

Specifically, for all seven positions, a material issue of fact exists, as to whether Plaintiff had notice of the 45 day time limit. In turn, a material issue of fact exists, as to whether the limitations period for the filing of the complaint should be extended pursuant to 29 C.F.R. § 1614.105(a)(2). Furthermore, for all seven positions, a material issue of fact exists, as to whether Plaintiff had notice of the possibility of the alleged age discrimination. In turn, a material issue of fact exists, as to whether the limitations period for filing of the complaint should be equitably tolled pursuant to Lukovsky v. City and County of San Francisco. See Lukovsky, 535 F.3d at 1051.

1  To establish a prima facie case of age
2 discrimination under the Age Discrimination in
3 Employment Act, Plaintiff must meet the following
4 factors: first, Plaintiff must show that he is within
5 the protected class of forty to seventy years old;
6 second, Plaintiff must show that he applied for a
7 position, for which, he was qualified; third, Plaintiff
8 must show that a younger person with similar
9 qualifications received the position. Cotton v. City
10 of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987).
11  "Establishing a prima facie case raises an
12 inference of discrimination," but this inference can be
13 rebutted by Defendant demonstrating a "legitimate,
14 nondiscriminatory" reason for its decision. Id. If
15 Defendant raises a "legitimate, nondiscriminatory"
16 reason, Plaintiff "must come forward with evidence"
17 that Defendant's reason is a "pretext" to hide
18 discrimination. Id.
19  The Court hereby **DENIES** Defendant's Motion for
20 Summary Judgment as to the position listed under
21 Announcement 0392144. Announcement 0392144 was for a
22 supervisory position in Phoenix, Arizona. For the
23 position listed under Announcement 0392144, a material
24 issue of fact exists, as to whether Defendant's alleged
25 "legitimate, nondiscriminatory" reason for not hiring
26 Plaintiff was pretextual.
27  Additionally, the Court **DENIES** Defendant's Motion
28 for Summary Judgment as to the position listed under

Announcement 0392184.  Announcement 0392184 was for a Physical Security Specialist, and it was a GS 7/9/11/12 position.  Announcement 0392184 was for two vacancies located in San Diego, California.  For the position listed under Announcement 0392184, a material issue of fact exists, as to whether Defendant's alleged "legitimate, nondiscriminatory" reason for not hiring Plaintiff was pretextual.

The Court further finds that Plaintiff has failed to establish a prima facie case of age discrimination for the following five positions because Plaintiff cannot show that a younger person with similar qualifications received the position.  Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment as to the following positions:

(1) The Court **GRANTS** summary judgment as to the position listed under Announcement 0390224. Announcement 0390224 was listed as a Grade 13 position located in Phoenix, Arizona.  The position listed under Announcement 0390224 was not filled.  Therefore, Plaintiff has failed to establish a prima facie case.

(2) The Court **GRANTS** summary judgment as to the position listed under Announcement 0390874. Announcement 0390874 was for a Physical Security Specialist at the GS-12 position.  The position listed under Announcement 0390874 was not filled.  Therefore, Plaintiff has failed to establish a prima facie case.

(3) The Court **GRANTS** summary judgment as to the

1  position listed under Announcement 0392154.
2  Announcement 0392154 was for a Physical Security
3  Specialist at the GS-12 position.  Announcement 0392154
4  was for a vacancy in Santa Clara County.  The position
5  listed under Announcement 0392154 was not filled.
6  Therefore, Plaintiff has failed to establish a prima
7  facie case.
8      (4) The Court **GRANTS** summary judgment as to the
9  position listed under Announcement 0392174.
10 Announcement 0392174 was for a Physical Security
11 Specialist at the GS-12 position.  Announcement 0392174
12 was for a position in Los Angeles, California.  The
13 position listed under Announcement 0392174 was not
14 filled.  Therefore, Plaintiff has failed to establish a
15 prima facie case.
16     (5) The Court **GRANTS** summary judgment as to the
17 position listed under Announcement 0392644.
18 Announcement 0392644 was for a Physical Security
19 Specialist.  Announcement 0392644 was for a position in
20 Fresno, California.  The position listed under
21 Announcement 0392644 was not filled.  Therefore,
22 Plaintiff has failed to establish a prima facie case.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   Thus, the Court **GRANTS IN PART AND DENIES IN PART**
2  Defendant's Motion for Summary Judgment. The Court
3  **GRANTS** summary judgment as to Announcements 0390224,
4  0390874, 0392154, 0392174, and 0392644. The Court
5  **DENIES** summary judgment as to Announcements 0392144 and
6  0392184.

8  DATED: March 24, 2010

10 **IT IS SO ORDERED.**

12              RONALD S.W. LEW
13              **HONORABLE RONALD S.W. LEW**
14              Senior, U.S. District Court Judge