**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RONALD L. PRONECHEN,
Plaintiff,
v.
SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,
Defendant.

ED-CV 06-1726-LEW

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

After consideration of the papers in support of and in opposition to Defendant's Motion for Summary Judgment, this Court makes the following findings of fact and conclusions of law:

**UNCONTROVERTED FACTS**

1. In November of 2002, a position for a Supervisory Physical Security Specialist Position was open for applications. [Exh. A at 102:25-103:6]. The Supervisory Physical Security Specialist Position was a Grade 13

position. [Exh. A at 102:25-103:6]. The position was listed under Announcement 0390224. [Exh. A at 102:25-103:6]. Plaintiff applied for the position. [Exh. A at 102:25-103:6].

2. On March 11, 2003, Plaintiff received notice that he had not been selected for the position listed under Announcement Number 0390224. [Exh. A at 106:6-16].

3. The position listed under Announcement 0390224 was given to another candidate. [Exh. A at 106:6-16]. The candidate who received the position had the initials H.S. [Decl. Rye ¶ 3]. H.S. was not hired because he failed the security clearance required for the position. [Decl. Rye ¶ 3]. After H.S. failed the security clearance, Announcement 0390224 was cancelled. [Decl. Rye ¶ 3].

4. A closed or cancelled announcement is permanently closed. [Decl. Rye Reply ¶ 6]. A closed or cancelled announcement cannot be reopened. [Decl. Rye Reply ¶ 6].

5. In January through February of 2003, a position for a Physical Security Specialist with the Department of Homeland Security was open for applications. [Exh. A at 112:16-21]. The Physical Security Specialist position was for a GS-12 position. [Exh. A at 112:16-21]. The position was listed under Announcement 0390874. [Exh. A at 112:16-21]. Plaintiff applied for the position. [Exh. A at 112:16-21].

6. On March 12, 2003, Plaintiff was notified that he

had been referred for consideration for the position listed under Announcement 0390874. [Exh. A at 113:3-114:6]. Plaintiff had been told that he may be contacted for an interview regarding the position within 90 days. [Exh. A at 113:3-114:6]. Plaintiff was not contacted again regarding the position. [Exh. A 113:3-114:6].

7. No selection was made for the position listed under Announcement 0390874. [Decl. Rye ¶ 4-5]. Announcement 0390874 was cancelled. [Decl. Rye ¶ 4-5].

8. A closed or cancelled announcement is permanently closed. [Decl. Rye Reply ¶ 6]. A closed or cancelled announcement cannot be reopened. [Decl. Rye Reply ¶ 6].

9. In June 2003 through July 2003, a position for a Physical Security Specialist with the Department of Homeland Security was open for applications. [Exh. A at 124:8-18]. The Physical Security Specialist position was for a GS-12 position. [Exh. A at 124:8-18]. The position was listed under Announcement 0392154. [Exh. A at 124:8-18]. It was for a vacancy in Santa Clara County. [Exh. A at 124:8-18]. Plaintiff applied for the position. [Exh. A 124:8-18].

10. On August 28, 2003, Plaintiff was notified that he had been referred for consideration for the position listed under Announcement 0392154. [Exh. A at 124:25-125:22]. Plaintiff had been told that he may be contacted regarding the position. [Exh. A at 124:25-125:22]. Plaintiff was not contacted again regarding the position. [Exh. A at 124:25-

125:22].

11. The position listed under Announcement 0392154 was given to another candidate. [Decl. Rye ¶ 7]. The candidate who received the position had the initials C.D. [Decl. Rye ¶ 7]. C.D was not hired because he failed the security clearance required for the position. [Decl. Rye ¶ 7]. After C.D failed the security clearance, Announcement 0392154 was cancelled. [Decl. Rye ¶ 7].

12. A closed or cancelled announcement is permanently closed. [Decl. Rye Reply ¶ 6]. A closed or cancelled announcement cannot be reopened. [Decl. Rye Reply ¶ 6].

13. In late June 2003 to early July 2003, a position for a Physical Security Specialist with the Department of Homeland Security was open for applications. [Exh. A at 120:4-10]. The Physical Security Specialist position was for a GS-12 position. [Exh. A at 120:4-10]. The position was listed under Announcement 0392174. [Exh. A at 120:4-10]. It was for a position in Los Angeles. [Exh. A at 120:4-10]. Plaintiff applied for the position. [Exh. A at 120:4-10].

14. On January 14, 2004, Plaintiff was notified that he would not be hired for the position listed under Announcement 0392174. [Exh. A at 121:7-18].

15. No selection was made for the position listed under Announcement 0392174. [Exh. A at 121:7-18]. Announcement 0392174 was cancelled. [Decl. Rye ¶ 8-9].

16. A closed or cancelled announcement is permanently closed. [Decl. Rye Reply ¶ 6]. A closed or cancelled announcement cannot be reopened. [Decl. Rye Reply ¶ 6].

17. In August 2003, a position for a Physical Security Specialist with the Department of Homeland Security was open for applications. [Exh. A at 134:9-14]. The position was listed under Announcement 0392644. [Exh. A at 134:9-14]. The position was for a Physical Security Specialist. It was for a vacancy in Fresno. [Exh. A at 134:9-14]. Plaintiff applied for the position. [Exh. A at 134:9-14].

18. On January 14, 2004, Plaintiff was notified that he would not be hired for the position listed under Announcement 0392644. [Exh. A at 134:19-135:7].

19. No selection was made for the position listed under Announcement 0392644. [Decl. Rye ¶ 12]. Announcement 0392174 expired on its own terms. [Decl. Rye ¶ 12].

20. A selecting official has 90 days to make a selection. [Decl. Rye ¶ 12]. If no selection is made within 90 days of the referral date, the certificate expires on its own terms. [Decl. Rye ¶ 12].

**CONCLUSIONS OF LAW**

1. The standard set forth in Cotton v. City of Alameda is the proper standard for an age discrimination claim under the Age Discrimination in Employment Act. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987).

2. Under Cotton, a prima facie case of age

discrimination consists of: first, Plaintiff must show that he is within the protected class of forty to seventy years old; second, Plaintiff must show that he applied for a position, for which, he was qualified; third, Plaintiff must show that a younger person with similar qualifications received the position. Id.

3. As to the positions listed under Announcements 0390224, 0390874, 0392154, 0392174, and 0392644, Plaintiff cannot establish a prima facie case of age discrimination because he has failed to show that a younger person with similar qualifications received the positions listed under those announcements. See id.

4. Judgment shall be entered in Defendant's favor as to Announcements 0390224, 0390874, 0392154, 0392174, and 0392644 consistent herewith.

DATED: March 24, 2010

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge