UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald L. Pronechen,<br><br>                  Plaintiff,<br><br>   v.<br><br>Secretary of U.S. Department of Homeland Security,<br><br>                 Defendants. | ED-CV 06-1726 LEW<br><br>ORDER Re: Defendant's Motion for Summary Judgment on New Claim in Second Amended Complaint **[100]** |

    Defendant's Motion for Summary Judgment on New Claim in Second Amended Complaint was originally set for hearing on April 9, 2010. Having taken the matter under submission on April 5, 2010, and having reviewed all papers submitted pertaining to this motion, the Court **NOW FINDS AND RULES AS FOLLOWS**:

    The Court hereby **GRANTS** Defendant's Motion for Summary Judgment on New Claim in Second Amended Complaint.

Summary judgment is appropriate when the pleadings, affidavits, and other supporting papers demonstrate that there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). When making this determination, the Court must view the record in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). A "genuine" dispute is one that is supported by evidence sufficient to permit a reasonable jury to find in favor of the nonmoving party. <u>Id.</u> at 247-48.

Under the Age Discrimination in Employment Act, a federal employee who wants to assert an age discrimination claim has two options. First, the complainant can give the EEOC notice of the alleged act within 180 days, and then give notice of suit at least 30 days prior to the filing of the suit. 29 U.S.C. § 633a(c),(d); 29 C.F.R. § 1614.201. Or, second, the complainant may pursue the complaint administratively before the EEOC and appeal any loss in federal court. 29 U.S.C. §633a(b),(c); 29 C.F.R. § 1614.407.

If an aggrieved person desires to follow the second route, he or she must "initiate contact with a counselor within 45 days of the date of the matter to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

1    The 45 day time limit shall be extended "when the
2 individual shows that he or she was not notified of the
3 time limits and was not otherwise aware of them, that
4 he or she did not know and reasonably should not have
5 been known that the discriminatory matter or personnel
6 action occurred."  29 C.F.R. § 1614.105(a)(2).
7    Furthermore, the 45 day time limit can also be
8 extended if a plaintiff can show "that despite due
9 diligence he or she was prevented by the circumstances
10 beyond his or her control from contacting the counselor
11 within the time limits, or for other reasons considered
12 sufficient by the agency or the Commission."  29 C.F.R.
13 § 1614.105(a)(2).
14    Under federal law, an employment discrimination
15 claim accrues "upon awareness of the actual injury,
16 i.e., the adverse employment action, and not when the
17 plaintiff suspects a legal wrong."  Lukovsky v. City
18 and County of San Francisco, 535 F.3d 1044, 1049 (9th
19 Cir. 2008).  Two doctrines "may apply to extend the
20 limitations period."  Id. at 1051.  The two doctrines
21 are equitable tolling and equitable estoppel.  See id.
22     "If a reasonable plaintiff would not have known of
23 the existence of a possible claim within the
24 limitations period, then equitable tolling will serve
25 to extend the statute of limitations for filing suit
26 until the plaintiff can gather what information he
27 needs."  Johnson v. Henderson, 314 F.3d 409, 414 (9th
28 Cir. 2002).

"Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit, whereas equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." Santa Maria v. Pac. Bell, 202 F.3d 1170,1176 (9th Cir. 2000).

An Equal Employment Opportunity Complainant has the right to amend a pending Equal Employment Opportunity Complaint by adding "like or related" claims to the claims raised in the pending complaint.  29 C.F.R. § 1614.106.  According to the Rights and Responsibilities Memorandum given to Plaintiff in 2004, near the initiation of his Equal Employment Opportunity Complaint, a complainant wishing to amend a pending Equal Employment Opportunity Complaint "must submit a letter describing the new incident(s) and stating that you wish to amend your complaint to include the new incident(s)."  [Dock. No. 116, Exh. B to 2nd Kett Decl. at p. 19].

Plaintiff failed to file an entirely new Equal Employment Opportunity complaint after receiving notification of his non-selection for the position listed under Announcement 0492414.  Also, Plaintiff failed to file a proper amendment request for his ongoing Equal Employment Opportunity complaint because Plaintiff failed to follow the guidelines set forth in the Rights and Responsibilities Memorandum.

1	Specifically, Plaintiff failed to submit a letter
2 to the address listed in the Rights and
3 Responsibilities Memorandum alleging retaliation.
4 Furthermore, Plaintiff's e-mail to the Office of
5 Personnel Management on August 1, 2004, and his e-mail
6 to David Kett on August 25, 2004, were insufficient to
7 merit an amendment to his ongoing Equal Employment
8 Opportunity complaint.  Neither of Plaintiff's e-mails
9 indicated that he desired to amend his ongoing Equal
10 Employment Opportunity complaint.  Plaintiff also did
11 not detail his allegation that he had been screened out
12 from applying for Announcement 0492414.
13	The Court finds no genuine issue of material fact
14 as to the following: Plaintiff did not file an entirely
15 new Equal Employment Opportunity complaint, after
16 receiving notification of his non-selection for
17 Announcement 0492414; moreover, Plaintiff failed to
18 properly request an amendment to his pending Equal
19 Employment Opportunity complaint.  Therefore, the Court
20 **GRANTS** Defendant's Motion for Summary Judgment on New
21 Claim in Second Amended Complaint because Plaintiff is
22 time barred from raising the claim.
23	Furthermore, to establish a prima facie case of age
24 discrimination under the Age Discrimination in
25 Employment Act, Plaintiff must meet the following
26 factors: first, Plaintiff must show that he is within
27 the protected class of forty to seventy years old;
28 second, Plaintiff must show that he applied for a

1  position for which he was qualified; third, Plaintiff
2  must show that a younger person with similar
3  qualifications received the position.  <u>Cotton v. City</u>
4  <u>of Alameda</u>, 812 F.2d 1245, 1248 (9th Cir. 1987).
5      "Establishing a prima facie case raises an
6  inference of discrimination," but this inference can be
7  rebutted by Defendant demonstrating a "legitimate,
8  nondiscriminatory" reason for its decision.  <u>Id.</u>  If
9  Defendant raises a "legitimate, nondiscriminatory"
10 reason, Plaintiff "must come forward with evidence"
11 that Defendant's reason is a "pretext" to hide
12 discrimination.  <u>Id.</u>
13     Plaintiff successfully establishes a prima facie
14 case of age discrimination by alleging retaliation in
15 response to his prior Equal Employment Opportunity
16 complaint filing.  <u>Cotton</u>, 812 F.2d at 1248; <u>See</u> <u>Gomez-</u>
17 <u>Perez v. Potter</u>, 128 S.Ct 1931, 1932 (2008).  Plaintiff
18 is between the age of forty to seventy years old.  <u>See</u>
19 <u>Cotton</u>, 812 F.2d at 1248.  Plaintiff was qualified for
20 the position.  <u>See</u> <u>Cotton</u>, 812 F.2d at 1248; <u>See</u> <u>Gomez-</u>
21 <u>Perez</u>, 128 S.Ct at 1932.  A younger person with similar
22 qualifications did receive the position.  <u>See</u> <u>Cotton</u>,
23 812 F.2d at 1248.
24     However, Defendant has successfully met its burden
25 shifting standard by articulating a legitimate,
26 nondiscriminatory reason for not hiring Plaintiff.  The
27 Court finds the hiring freeze, which prevented non-
28 current employees from applying for positions, to be a

1  "legitimate, nondiscriminatory" reason for not hiring
2  Plaintiff.  See id.
3      Therefore, Plaintiff fails to meet his burden
4  shifting standard by showing that Defendant's
5  legitimate, nondiscriminatory reason is merely a
6  pretext for discrimination.  Plaintiff has failed to
7  proffer any argument that Defendant's legitimate,
8  nondiscriminatory reason was merely a pretext for age
9  discrimination.
10     Therefore, the Court finds no genuine issue of
11 material fact exists, as to whether Defendant's
12 legitimate, nondiscriminatory reason for not hiring
13 Plaintiff was merely a pretext for discrimination.
14     The Court **GRANTS** Defendant's Motion for Summary
15 Judgment on New Claim in Second Amended Complaint.

17 DATED: April 14, 2010

19 **IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

7