**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD L. PRONECHEN,<br><br>      Plaintiff,<br><br>   v.<br><br>SECRETARY OF U.S. DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>      Defendant.<br>_____ | ED-CV 06-1726-LEW<br><br>**STATEMENT OF<br>UNCONTROVERTED FACTS<br>AND CONCLUSIONS OF LAW** |

After consideration of the papers in support of and in opposition to Defendant's Motion for Summary Judgment, this Court makes the following findings of fact and conclusions of law:

**UNCONTROVERTED FACTS**

1.  On March 30, 2004, Plaintiff made initial contact with an Equal Employment Opportunity counselor. Plaintiff filed a formal Equal Employment Opportunity complaint on May 19, 2004. The formal complaint identified numerous non-

1

selections for positions with the Department of Homeland Security for which Plaintiff had applied.  David R. Kett was responsible for administratively processing Plaintiff's formal Equal Employment Opportunity complaint.  [Dock. No. 88, Decl. Kett ¶ 2].

    2.  After initiating his Equal Employment Opportunity complaint, Plaintiff received a Rights and Responsibilities Memorandum.  Plaintiff signed a Certification of Receipt of the Rights and Responsibilities Memorandum.  By signing the Certification of Receipt, Plaintiff averred that he had been advised of his responsibilities during the administrative processing of his complaint.  [Dock. No. 116, Decl. Kett ¶ 4].

    3.  Paragraph 3 of the Rights and Responsibilities Memorandum outlines the procedure for submitting amendment requests to the agency.  To request an amendment, a complainant must submit a letter describing the new incident and stating that the complainant wishes to amend his pending complaint to include the new claim.  In 2004, a complainant seeking amendment was required to send a letter to the Equal Employment Opportunity Complaints Program Management Office in Fort Snelling, Minnesota.  [Dock. No. 116, Decl. Kett ¶ 6].

    4.  On June 7, 2004, the Federal Protective Service headquarters issued a directive establishing a hiring freeze.  Under the terms of the hiring freeze, vacancies

1  within the Federal Protective Service could not be filled
2  with applicants not employed by the Federal Protective
3  Service at the time of application.  The hiring freeze was
4  in effect, when Announcement 0492414 was open for
5  applications from July 19, 2004 to July 23, 2004. [Dock.
6  No. 100, Decl. Kett ¶ 11].
7       5.  On or about June 30, 2004, a waiver of the hiring
8  freeze was requested for the GS-13 position listed under
9  Announcement 0492414.  The waiver was not granted. [Dock.
10 No. 116, Decl. Loerzel ¶ 4].
11      6.  In July of 2004, Plaintiff applied for a position
12 listed under Announcement 0492414.  Announcement 0492414 was
13 for a Supervisory Physical Security Specialist in
14 Sacramento, CA.  The position listed under Announcement
15 0492414 was open for application in July of 2004. [Dock. No.
16 100, Exh. A at 184:23-185:21].
17      7.  Announcement 0492414 limited eligible applicants to
18 Department of Homeland Security employees within the local
19 commuting area of the position. [Dock. No. 100, Exh. A at
20 185:10-17].
21      8.  Plaintiff was not a Department of Homeland Security
22 employee, when he applied to the position listed under
23 Announcement 0492414. [Dock. No. 100, Exh. A at 185:19-23].
24      9.  On July 29, 2004, Plaintiff received notice of his
25 non-selection for the position listed under Announcement
26 0492414.  [Dock. No. 100, Exh. A at 187:14-21].

1    10. Plaintiff was informed that his application for the position listed under Announcement 0492414 could not be considered because he was not a Department of Homeland Security employee at the time of application. [Dock. No. 100, Exh. A at 187:14-188:2].

11. On August 1, 2004, Plaintiff sent an e-mail, asking if an oversight authority exists "to make this agency play by the rules," to the Office of Personnel Management, as well as to Department of Homeland Security management and personnel staff. [Dock. No. 116, Decl. Kett ¶ 7].

12. On August 25, 2004, Plaintiff sent an e-mail to David R. Kett, which included a copy of the e-mail Plaintiff had sent on August 1, 2004. [Dock. No. 116, Decl. Kett ¶ 8].

13. The e-mail never stated that Plaintiff desired to amend his ongoing Equal Employment Opportunity Complaint filed on May 19, 2004, or that Plaintiff believed he had been discriminated against based on his age with regards to his application for the position listed under Announcement 0492414. [Dock. No. 116, Decl. Kett ¶¶ 8-10].

14. Plaintiff did not submit a letter to request an amendment of his ongoing Equal Employment Opportunity complaint, as outlined by the Rights and Responsibilities Memorandum. [Dock. No. 116, Decl. Kett ¶¶ 4-6,8].

///
///
///

**CONCLUSIONS OF LAW**

1.  Plaintiff failed to file an entirely new Equal Employment Opportunity complaint after receiving notice of his non-selection for the position listed under Announcement 0492414.  Also, Plaintiff failed to file a proper amendment request for his ongoing Equal Employment Opportunity complaint because Plaintiff failed to follow the guidelines set by the Rights and Responsibilities Memorandum. Therefore, Plaintiff's claim of discrimination with respect to his application for the position listed under Announcement 0492414 is time barred.

2.  Plaintiff successfully establishes a prima facie case of age discrimination.  Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987).  Plaintiff is between the age of forty to seventy years old.  Id.  Plaintiff was qualified for the position.  See Cotton, 812 F.2d at 1248; See Gomez-Perez v. Potter, 553 U.S. 474, 128 S.Ct 1931, 1932 (2008).  A younger person with similar qualifications did receive the position.  See Cotton, 812 F.2d at 1248. Defendant successfully meets its burden shifting standard by articulating a "legitimate, nondiscriminatory" reason for not hiring Plaintiff, the hiring freeze.  Id.  The Court finds the hiring freeze to be a "legitimate, nondiscriminatory" reason for not hiring Plaintiff.  See id. Moreover, Plaintiff fails to meet his burden shifting standard by showing that Defendant's "legitimate,

5

nondiscriminatory" reason is merely a pretext for discrimination.  See id.

    3.   Judgment shall be entered in Defendant's favor as to Announcement 0492414 consistent herewith.


DATED: April 14, 2010

                                       _____RONALD S.W. LEW_____

                                         **HONORABLE RONALD S.W. LEW**

                                          Senior, U.S. District Court Judge