O

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald L. Pronechen,<br><br>            Plaintiff,<br><br>  v.<br><br>Secretary of U.S.<br>Department of Homeland<br>Security,<br><br>           Defendant. | CV 06-01726 LEW<br><br>**ORDER Re: Defendant's Motion *in Limine* No. 1 [127], Defendant's Motion *in Limine* No. 2 [128], and Defendant's Motion *in Limine* No. 3 [129]** |

    Defendant's Motion *in Limine* No. 1 [127], Defendant's Motion *in Limine* No. 2 [128], and Defendant's Motion *in Limine* No. 3 [129] were set for hearing on December 20, 2010. Having taken the matters under submission on December 13, 2010, and having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court **DENIES** Defendant's Motion *in Limine* No. 1 to exclude evidence of Plaintiff's alleged damages.

1

I. Defendant's Motion *in Limine* No. 1 to Exclude Evidence of Plaintiff's Alleged Damages

A. Legal Standard

Federal Rule of Civil Procedure, Rule 26(a)(1)(A)(iii) states, in relevant part:

> [A] party must, without awaiting a discovery request, provide to the other parties: (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 37, the party facing sanctions therefore has the burden of showing that a failure to comply with Federal Rule of Civil Procedure 26 was "substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). The District Courts have broad discretion

in imposing discovery sanctions under Federal Rule of Civil Procedure 37.  <u>Ritchie v. United States</u>, 451 F.3d 1019, 1026 (9th Cir. 2006).

### B. Analysis

Defendant DHS argues that any introduction of evidence of Plaintiff's alleged damages at trial should be excluded because Plaintiff has failed to provide the Defendant with the required calculation of damages as required under Federal Rule of Civil Procedure, Rule 26(a)(1)(A)(iii).  The Court **DENIES** DHS's Motion *in Limine* No. 1 to exclude evidence of Plaintiff's alleged damages.

The Court finds that while Plaintiff failed to fully meet his disclosure requirements, Plaintiff has substantially justified this failure.  The Court finds that Plaintiff substantially complied with his Rule 26 disclosure obligations by identifying to the Defendant the formula he relied upon in calculating his loss and providing to Defendant DHS the data regarding his interim earnings.

Moreover, Plaintiff is not seeking monetary damages from Defendant DHS, rather, Plaintiff seeks equitable relief from the Court in the form of retroactive reinstatement in the event that he is successful in his age discrimination claim.  Given that Plaintiff repeatedly requested from Defendant DHS data necessary to compute a portion of his financial loss calculations, that Defendant was on notice about

Plaintiff's damages theory, and that Plaintiff seeks no monetary damages but rather retroactive reinstatement, the Court finds that Plaintiff's untimely disclosure of his damages calculation was substantially justified. Accordingly, the Court **DENIES** DHS's Motion *in Limine* No. 1 to exclude evidence of Plaintiff's alleged damages on the basis of Rule 26.

However, the Court notes that the admission of this evidence is still subject to other evidentiary objections that may be raised by the Defendant DHS at trial.[1]

## II. Defendant's Motion *in Limine* No. 2 to Exclude Cumulative Testimony Regarding Equitable Tolling

### A. Legal Standard

Under Federal Rules of Evidence, Rule 403, relevant evidence may be excluded if its admission would result in needless presentation of cumulative evidence. Fed. R. Evid. 403.

### B. Analysis

Plaintiff has identified as witnesses for trial Bryant Bickford, Ronald Brewster, Beverly Cullop, Catherine Hagler, Stephen Jones, Maria Juarbe, and Gerald Wilson. Defendant DHS argues that to the extent that these witnesses will be offered to only establish

---

[1] While Defendant DHS argues in its papers that Plaintiff's calculation of damages lacks foundation, Defendant does not adequately address this issue in its papers and therefore the Court will not consider this argument at this juncture.

4

that all of them attended the April 18, 2000 training and that none of them remember whether or not Ms. Allmon discussed the 45-day deadline, the Court should exclude these witnesses from testifying at trial because their testimony would be cumulative of the facts to which the parties already have stipulated to in the Joint Pretrial Statement.

The Court **GRANTS** Defendant DHS's Motion *in Limine* No. 2 to exclude cumulative testimony regarding equitable tolling.  More specifically, the Court excludes as cumulative the trial testimony of Bryant Bickford, Ronald Brewster, Beverly Cullop, Catherine Hagler, Stephen Jones, Maria Juarbe, and Gerald Wilson to the extent that they are only being offered to establish that they attended the April 18, 2000 training and do not remember whether or not Ms. Allmon discussed the 45-day deadline for contacting an EEO counselor.

The Court finds that testimony of witnesses regarding a fact in which the parties have stipulated to in the Joint Pretrial Statement would be cumulative and therefore subject to exclusion.  Accordingly, the Court **GRANTS** DHS's Motion *in Limine* No. 2 to exclude cumulative testimony regarding equitable tolling.

    III. Defendant's Motion *in Limine* No. 3 to Exclude
        Plaintiff's Exhibits 2E, 9, 10, and 11; Objections
        to New Exhibits 3, 5A, 7, 8, 12, and 13
        A. Legal Standard

1    Federal Rule of Evidence 401 provides that relevant
2 evidence is any "evidence having any tendency to make
3 the existence of any fact that is of consequence to the
4 determination of the action more probable or less
5 probable that it would be without the evidence." Fed.
6 R. Evid. 401.  Federal Rule of Evidence 402 provides
7 that all irrelevant evidence is not admissible. Fed. R.
8 Evid. 402.
9    Federal Rule of Evidence 403 provides that relevant
10 evidence may be excluded "if its probative value is
11 substantially outweighed by the danger of unfair
12 prejudice, confusion of the issues, or misleading the
13 jury, or by considerations of undue delay, waste of
14 time, or needless presentation of cumulative evidence."
15 Fed. R. Evid. 403.

16        B. Analysis

17    Defendant DHS argues that Plaintiff's Exhibits 2E,
18 9, 10, and 11 should be excluded.  DHS contends that
19 each of these exhibits are irrelevant and therefore
20 inadmissible.  Furthermore, Defendant DHS also objects
21 to Plaintiff's new Exhibits 3, 5A, 7, 8, 12, and 13.
22 The Court **GRANTS IN PART AND DENIES IN PART** Defendant
23 DHS's Motion *in Limine* No. 3 to exclude Plaintiff's
24 Exhibits 2E, 9, 10, and 11.

25         I. Exhibit 2E

26    Plaintiff has identified as Exhibit 2E emails
27 exchanged by Arthur Clabby and Catherine Hagler dated
28 November 17, 2003.  The Court **GRANTS** Defendant DHS's

Motion *in Limine* No. 3 to exclude Exhibit 2E.  The Court finds that this exhibit is not relevant to the job announcements at issue in this case.

### ii. Exhibit 9

Plaintiff has identified as Exhibit 9 an email from Wendell Shingler dated May 27, 2004.  The Court **DENIES** Defendant DHS's Motion *in Limine* No. 3 to exclude Plaintiff's Exhibit 9.  The Court finds that this exhibit is relevant in proving the merits of Plaintiff's age discrimination claim.  Moreover, the Court finds that Defendant's argument to exclude this exhibit on hearsay grounds is equally without merit.  Under FRE 801(d)(2), a statement made by a party's agent or employee concerning a matter within the scope of employment, made during the relationship is considered a party admission and nonhearsay and therefore admissible. F.R.E. 801(d)(2).  Accordingly, the Court **DENIES** Defendant DHS's Motion *in Limine* No. 3 to exclude Plaintiff's Exhibit 9.

### iii. Exhibits 10 and 11

Plaintiff has identified an email message from Joseph Loerzel to Kenneth Ehinger dated October 28, 2005, and an email message from Paul Durette to Bruce Hori dated November 02, 2005 as Exhibits 10 and 11, respectively.  Plaintiff has withdrawn both Exhibits 10 and 11.  Accordingly, the Court **DENIES AS MOOT** Defendant DHS's Motion *in Limine* No. 3 to exclude Plaintiff's Exhibits 10 and 11.

                <u>iv. Objections to New Exhibits 3, 5A, 7, 8, 12, and 13</u>

On December 10, 2010, Plaintiff filed an amended list of exhibits. Plaintiff identified eight new exhibits in this amendment. Defendant DHS in Reply to its third Motion *in Limine* to Exclude Exhibits 2E, 9, 10, and 11, objected to Plaintiff's newly identified exhibits 3, 5A, 7, 8, 12, and 13.

With regard to Defendant's objections to Plaintiff's newly identified Exhibits 3, 5A, 7, 8, 12, and 13, the Court orders Plaintiff to submit his position regarding Defendant's objections to the Court no later than January 10, 2011. The Court will then subsequently issue its ruling with regard to these objections.

DATED: January 5, 2011
**IT IS SO ORDERED.**

                            RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
                            Senior, U.S. District Court Judge