1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   Ronald L. Pronechen,        )   CV 06-01726 LEW
                                  )
12              Plaintiff,        )
                                  )   **ORDER Re: Defendant's**
13        v.                      )   **Objections to**
                                  )   **Plaintiff's New Exhibits**
14                                )   **3, 5A, 7, 8, 12, and 13**
     Secretary of U.S.           )   **Made in Defendant's**
15   Department of Homeland      )   **Reply in Defendant's**
     Security,                   )   **Motion** *in Limine* **No. 3**
16                                )   **To Exclude Plaintiff's**
                                  )   **Exhibits 2E, 9, 10, and**
17              Defendant.        )   **11**
                                  )
18   _____)

19

20        The Court is in receipt of Defendant's Objections

21   to Plaintiff's New Exhibits 3, 5A, 7, 8, 12, and 13

22   made in Defendant's Reply in Defendant's Motion *in*

23   *Limine* No. 3 to exclude Plaintiff's Exhibits 2E, 9, 10,

24   and 11 [129].  Having reviewed all papers submitted

25   pertaining to these Objections, the Court **NOW FINDS AND**

26   **RULES AS FOLLOWS:**

27        The Court **OVERRULES** Defendant's objections to the

28   introduction of Plaintiff's Exhibits 3, 5A, 12, and 13.

1

With regard to Defendant's objections regarding Plaintiff's Exhibits 7 and 8, the Court need not rule on these objections given that Plaintiff has now withdrawn both exhibits.

### 1. Objections to New Exhibits 3, 5A, 7, 8, 12, and 13

On December 10, 2010, Plaintiff filed an amended list of exhibits.  Plaintiff identified eight new exhibits in this amendment.  Defendant DHS in Reply to its third Motion *in Limine* to Exclude Exhibits 2E, 9, 10, and 11, objected to the introduction of Plaintiff's newly identified exhibits 3, 5A, 7, 8, 12, and 13.

### I. Exhibit 3

Plaintiff's new Exhibit 3 is a handwritten floor plan drawing by Plaintiff which purports to represent his recollection of the fifth floor GSA Field Office at 650 Capitol Mall prior to the year 2000.  The Court finds that Plaintiff has the requisite personal knowledge to render a drawing of the GSA Field office.

Additionally, the Court finds that Defendant's non-disclosure argument pursuant to Federal Rule of Civil Procedure 26 has no merit as the record indicates that this exhibit was first filed on January 19, 2007, with Plaintiff Pronechen's declaration in opposition to an earlier motion for summary judgment [17].  Accordingly, the Court **OVERRULES** Defendant DHS's objection to the introduction of Plaintiff's Exhibit 3.

### ii. Exhibit 5A

2

1  Plaintiff has identified his new Exhibit 5A as the
2  Report of EEO Counseling written by then EEO Counselor
3  Shirley Wright.  While Defendant argues that the report
4  of EEO Counseling written by then EEO Counselor Shirley
5  Wright is inadmissable hearsay, the Court finds that
6  this exhibit is admissible under the public record
7  hearsay exception because it qualifies as a recording
8  of matters observed pursuant to Ms. Wright's duties as
9  an EEO Counselor.  Furthermore, the Court finds
10 Defendant's objection on the basis of relevance equally
11 without merit.  Accordingly, the Court **OVERRULES**
12 Defendant DHS's objection to the introduction of
13 Plaintiff's Exhibit 5A.

14 <u>iii. Exhibits 7 and 8</u>

15  Plaintiff has identified his new Exhibits 7 and 8
16 as the declarations of Robert Vannata and Beverly
17 Cullop, respectively.  Plaintiff has withdrawn Exhibits
18 7 and 8.  Accordingly, Defendant's objections with
19 regard to these two exhibits are now moot and therefore
20 the Court need not rule on these objections.

21 <u>iv. Exhibits 12 and 13</u>

22  Plaintiff's new Exhibits 12 and 13 are Plaintiff's
23 damages calculations with respect to each of the non-
24 selections at issue in this case, along with supporting
25 documents.  More specifically, Exhibits 12 and 13 are
26 Plaintiff's summaries of his lost pay, earnings in
27 mitigation, and retirement benefit estimates.  The
28 Court finds that Plaintiff's reliance on government

documents identified in Exhibits 12 and 13 fall under the protections of the public record hearsay exception. <u>See</u> Fed. R. Evid.  803 (8).

Accordingly, the Court **OVERRULES** Defendant DHS's objection to the introduction of Plaintiff's Exhibits 12 and 13.  However, the Court notes that the admission of this evidence is still subject to other evidentiary objections that may be raised by the Defendant DHS at trial.

DATED: January 13, 2011

**IT IS SO ORDERED.**


RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

4