**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ronald L. Pronechen,<br><br>  Plaintiff,<br><br>   v.<br><br>Secretary of U.S. Department of Homeland Security,<br><br>  Defendant. | CV 06-01726 LEW<br><br>**RULING AND ORDER** |

In this Action, Plaintiff Ronald L. Pronechen ("Plaintiff") alleges that Defendant Secretary of U.S. Department of Homeland Security (the "Secretary") discriminated against him in violation of the federal sector Age Discrimination in Employment Act ("ADEA") when it did not hire him for either a GS-7/9/11/12 Physical Security Specialist ("PSS") position in San Diego, California or a GS-13 Supervisory PSS position in Phoenix, Arizona, which were advertised in job announcements 0392184 and 0392144 respectively. The

1

issues for Trial were whether Plaintiff's claims under the ADEA were time-barred and whether Plaintiff's non-selection for both the San Diego and Phoenix positions were the result of intentional discrimination based on age.  The Court having considered all of the arguments, evidence, testimony, and exhibits presented during the Court Trial, **NOW FINDS AND RULES AS FOLLOWS:**

**I. EQUITABLE TOLLING**

Plaintiff bears the burden of proving facts to support equitable tolling. Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1218 (9th Cir. 1980).  The Court finds that Plaintiff Pronechen has not met his burden of establishing that the 45-day time limit to contact an EEO counselor should be equitably tolled.

Under the ADEA, a federal employee who wants to assert an age discrimination claim may pursue the complaint administratively before the EEOC and appeal any loss in federal court. 29 C.F.R. § 1614.407. Moreover, the federal employee is required to "initiate contact with a counselor within 45 days of the date of the matter to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).  Failure to initiate contact with an EEO counselor within 45 days requires dismissal of an EEO complaint absent waiver, estoppel, or equitable tolling. Id. §§ 1614.107(a)(2), 1614.604(c).

Under federal law, an employment discrimination

claim accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1049 (9th Cir. 2008). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

However, equitable tolling does not apply where a plaintiff knew or reasonably should have known of the possible existence of a claim within the limitations period. Id. See also Lukovsky, 535 F.3d at 1051. Furthermore, "the doctrine [of equitable tolling] 'is not available to avoid the consequence of one's own negligence.'" Hensley v. U.S., 531 F.3d 1052, 1058 (9th Cir. 2008)(quoting Lehman v. U.S., 154 F.3d 1010, 1016 (9th Cir. 1998). It does not apply when a late filing is due to a claimant's failure to exercise due diligence in preserving his legal rights. Scholar v. Pac. Bell, 963 F.2d 264, 268 (9th Cir. 1992).

The Court finds that Plaintiff failed to exercise due diligence in preserving his legal rights with regard to his ADEA claim. Specifically, the evidence at Trial established that for every non-selection during 2003 and up to January 14, 2004, Plaintiff

suspected that he had been discriminated against based on his age. The evidence presented at Trial further established that Plaintiff knew during this time that discrimination based on age was not tolerated by the Federal Protective Service ("FPS") and that he should contact an EEO counselor to complain of discrimination. However, the evidence at Trial established that Plaintiff did not contact an EEO counselor until March 30, 2004 regarding his non-selection for various federal job announcements, particularly the San Diego and Phoenix job announcements at issue in this case. [Plaintiff's Exhibit 5A].

Specifically, the evidence established that posters with EEO information were placed in a General Services Administration ("GSA") break room where, or adjacent to where, FPS had a mailbox from which Plaintiff, along with other FPS employees, would retrieve GSA mail, notices, and memoranda addressed to GSA. Witness testimony also established that Plaintiff contacted his congressman in June 2003 complaining about the non-selections at issue here and indicating that they were based on his age.

Furthermore, the Court finds Plaintiff's argument that he did not have knowledge of the 45-day time limit unpersuasive. The Court finds the testimony of Lois Allmon and Richard Riccio particularly instructive with regard to this finding. The evidence at Trial established that Plaintiff attended an EEO/Sexual

Harassment training on April 18, 2000 in San Francisco, California. [Defendant's Exhibit A]. While Plaintiff testified that he could not remember one way or the other whether the 45-day time limit was taught at the April 18, 2000 training, both Lois Allmon and Richard Riccio testified that the 45-day time limit was discussed at the training. Richard Riccio testified that he specifically remembered the 45-day rule as a topic of discussion in the April 18, 2000 training because he himself had contemplated filing a claim but realized that his filing would be time-barred after learning about the 45-day time limit at the training session. Moreover, Lois Allmon testified that it was her standard practice to discuss the 45-day time limit at the nine or ten training sessions she taught during her ten year career as both an EEO Specialist and Counselor.

   The Court finds that the testimony of these witnesses lends significant credibility to the Secretary's position that Plaintiff was aware of the 45-day time limit to contact an EEO counselor. Additionally, evidence at Trial established that the GSA sent orders and memoranda for distribution to all FPS employees informing them of the 45-day time period during the time in which Plaintiff was employed as a Physical Security Specialist for FPS. [Defendant's Exhibits B, C, C1]. The evidence established that some of these orders were placed in a GSA Order Book in the

FPS office, in which Plaintiff worked and had access to. The Court also heard testimony that Plaintiff, along with other FPS Physical Security Specialists, was responsible for routinely updating the GSA Order Book.

While Plaintiff claims that he should be entitled to equitable tolling because he applied for the two positions at issue in this case as an outside applicant and therefore had no knowledge of the 45-day time limit, the Court finds that such argument lacks merit. It is undisputed that Plaintiff worked for FPS as a Physical Security Specialist for ten years before he retired in 2000. Moreover, Plaintiff testified that during his ten years of employment with FPS, he was generally aware of EEO policies and procedures. As such, the Court finds that because of Plaintiff's significant background in federal employment, Plaintiff's assertion that he was unaware of the 45-day time limit lacks credibility. Moreover, the Court finds that the overall evidence presented at Trial consistently established that Plaintiff was on notice with regard to the EEO 45-day time limit.

Accordingly, the Court finds that Plaintiff has not exercised due diligence in preserving his legal rights with regard to his ADEA claim and has not met his burden of proof to establish equitable tolling. As such, the Court finds that Plaintiff's age discrimination claim under the ADEA regarding both the San Diego and Phoenix positions is time-barred.

Nevertheless, the Court will also address the merits of Plaintiff's age discrimination claim.

**II. MERITS OF PLAINTIFF'S AGE DISCRIMINATION CLAIM**

The Court finds that Plaintiff has failed to establish by a preponderance of the evidence that the Secretary discriminated against him based on his age when it did not select him for either the GS-7/9/11/12 PSS position in San Diego or the GS-13 Supervisory PSS position in Phoenix.

Under the ADEA, a plaintiff makes out a prima facie case of intentional discrimination if he demonstrates that he was within the protected class of individuals between forty and seventy years of age, that he applied for a position for which he qualified, and that a younger person with similar qualifications received the position. Establishing a prima facie case raises an inference of discrimination which the employer can rebut by demonstrating that it had a legitimate, non-discriminatory reason for its decision. The plaintiff then must come forward with evidence that the employer's reason is a mere pretext to conceal its discriminatory motive. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987). See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000).

As a preliminary matter, the parties do not dispute that Plaintiff has established a prima facie case for an ADEA claim. Therefore, the Court will only address the latter two requirements of whether the Secretary

1  has established legitimate, non-discriminatory reasons
2  for Plaintiff's non-selection for both the San Diego
3  and Phoenix positions and whether Plaintiff can show
4  that the Secretary's legitimate, non-discriminatory
5  reasons are pretextual.

      **A. The Court Finds That The Secretary Has Established Legitimate, Non-Discriminatory Reasons for Plaintiff's Non-Selection For Both The San Diego And Phoenix Positions.**

10     The Court finds that the evidence presented at
11 Trial established that the Defendant had legitimate,
12 non-discriminatory reasons for Plaintiff's non-
13 selection for both the GS-7/9/11/12 PSS position in San
14 Diego and the GS-13 Supervisory PSS position in
15 Phoenix.

16              I. San Diego Position

17    With regard to the San Diego position, the Court
18 heard testimony from selecting official Anna Hughes.
19 Anna Hughes testified that she recommended selectee
20 R.S. for the panel interview because of his
21 qualifications, including his law enforcement and
22 physical security experience and training.
23 Furthermore, Anna Hughes testified that she did not
24 take an applicant's age into consideration, nor did she
25 have access to such information, when deciding to
26 advance a particular applicant to the panel interview.
27 Equally compelling to the Court was Ms. Hughes's
28 testimony that selectee R.S. was strongly recommended

to her by a colleague whom she knew and trusted.

Moreover, Stella Meyerhoff, who was on the interview panel for the San Diego job, testified that R.S. performed exceptionally well during his panel interview, and had the proper qualifications of law enforcement and physical security experience demanded by the PSS position. Therefore, based on the witness testimony presented at Trial, the Court finds that the Secretary had legitimate non-discriminatory reasons for hiring R.S. for the San Diego position. The Court finds both Anna Hughes and Stella Meyerhoff as credible witnesses and that their testimony supports the finding that the Secretary had legitimate, non-discriminatory reasons for Plaintiff's non-selection for the GS-7/9/11/12 PSS position in San Diego.

### ii. Phoenix Position

With regard to the Phoenix position, the Court heard testimony from selecting official Russell Oase. Russell Oase testified that he selected D.H. over Plaintiff for the Phoenix job because D.H. had a bachelor's degree, a master's degree, and relevant experience given that selectee D.H. was, at that time, acting as a GS-13 Acting Area Commander. Furthermore, Mr. Oase testified that he never considered age as a factor in trying to hire someone to fill the Phoenix position. Rather, Mr. Oase testified that what was important to him was an applicant's education because it showed motivation and that such an applicant would

1  be a better writer, which was particularly important
2  given that the supervisory job entailed a writing
3  component.  Furthermore, Mr. Oase testified that both
4  Plaintiff and selectee D.H. were equally experienced
5  for the position, but selectee D.H. was superior to
6  Plaintiff with respect to education.  The Court heard
7  testimony from Mr. Oase that education was important to
8  FPS and therefore D.H. was selected for the position
9  over Plaintiff because of that criteria.  The Court
10 finds Mr. Oase's testimony regarding his decision for
11 hiring D.H. on the basis of education particularly
12 credible.
13     Based on the witness testimony presented at Trial,
14 the Court finds that the Secretary had legitimate non-
15 discriminatory reasons for hiring D.H. for the Phoenix
16 position.  Accordingly, the burden rests on Plaintiff
17 to show through specific evidence that the legitimate,
18 non-discriminatory reasons were pretext and that the
19 real reason that Plaintiff was not hired for either the
20 San Diego or Phoenix positions was because of his age.
21         **B. The Court Finds That The Plaintiff Has Not**
22         **Met His Burden To Prove That The Secretary's**
23         **Legitimate, Non-Discriminatory Reasons For**
24         **Plaintiff's Non-Selection For Both The San**
25         **Diego and Phoenix Positions Were Pretextual.**
26     The Court finds that the evidence presented by
27 Plaintiff at Trial was factually deficient with regard
28 to his assertion that the Secretary's legitimate, non-

discriminatory reasons for Plaintiff's non-selection were pretextual. To show pretext, Plaintiff must prove by a preponderance of the evidence that the Secretary's legitimate, non-discriminatory reasons are false and that the real reason that Plaintiff was not hired was because of Plaintiff's age. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). See also Steckl v. Motorola, Inc., 703 F.2d 392, 392-93 (9th Cir. 1983).

At Trial, Plaintiff argued pretext through reference to FPS's desire to obtain law enforcement retirement eligibility status, and that because Plaintiff was rated as "best qualified" and in the higher echelon of the applicant pool for each position, his non-selection for both the San Diego and Phoenix positions were solely because of his age. The Court finds that such evidence presented by Plaintiff was insufficient to prove pretext pursuant to applicable case law. Steckl, 703 F.2d at 392-93.

With regard to the San Diego position, the Court finds that Plaintiff has not met his burden of demonstrating with sufficient evidence that DHS's reasons for hiring selectee R.S. were pretextual and that intentional age discrimination was the true reason for Plaintiff's non-selection for the San Diego position. The evidence at Trial established legitimate, non-discriminatory reasons for the selection of R.S., including, but not limited to, a strong positive recommendation, R.S.'s law enforcement

and physical security training, and R.S.'s strong performance during the panel interview. In fact, the Court finds that the evidence at Trial, specifically the testimony of Clara Rye, Anna Hughes[1], and Stella Meyerhoff, consistently established that age was not taken into account by either the panel or the selecting official with regard to the GS-7/9/11/12 PSS position in San Diego. Based on the evidence presented at Trial, the Court finds that the Secretary adequately met its burden to prove legitimate, non-discriminatory reasons for Plaintiff's non-selection for the San Diego position, while Plaintiff failed to meet his burden to prove pretext. The Court finds that Plaintiff did not meet his burden to prove that the reasons proffered by the Secretary were false and that the real reason for Plaintiff's non-selection for the San Diego position was because of his age.

With respect to the Phoenix position, the Court

---

[1] Plaintiff argued at Trial that he was never interviewed by Anna Hughes for the San Diego PSS position despite scheduling a telephonic interview with her for December 02, 2003 at 1:00 p.m. The Plaintiff offered into evidence his time sheet in support of his contention that he could not have received the call from Ms. Hughes because he was working that day as a Court Security Officer. [Plaintiff's Exhibit 14]. However, the Secretary offered into evidence Ms. Hughes's appointment calendar to prove that Ms. Hughes did in fact complete the telephonic interview with Plaintiff. [Defendant's Exhibit U]. The Court finds the Secretary's evidence as well as Anna Hughes's testimony more credible with regard to this issue.

finds that Plaintiff has not met his burden of demonstrating with specific evidence that DHS's reasons for hiring selectee D.H. were pretextual and that intentional age discrimination was the true reason for Plaintiff's non-selection for the Phoenix position. The Court finds that the evidence at Trial established legitimate, non-discriminatory reasons for the selection of D.H., including, but not limited to, D.H.'s college and post-graduate degrees, D.H.'s law enforcement and physical security experience, and the fact that D.H. had already occupied a supervisory position with FPS.

    The evidence at Trial established that Mr. Oase did not take age into account in selecting D.H.  The Court finds that the evidence at Trial established that, during the relevant time period of 2002-2004, FPS hired individuals of ages comparable to that of Plaintiff. [Defendant's Exhibit N].

    Furthermore, the Court also finds that Plaintiff has produced insufficient evidence to show that FPS's long-established desire to obtain law enforcement retirement eligibility status for its workforce was evidence of pretext.  The witness testimony of Anna Hughes, Stella Meyerhoff, and Russell Oase was particularly instructive to the Court in making this finding.  All of these witnesses testified that FPS's efforts to obtain "6C" retirement eligibility status for its employees did not impact each selecting

officials' decision to not hire Plaintiff for either the San Diego or the Phoenix positions.

Additionally, the Court finds that Plaintiff's claim of age discrimination on the basis of his non-selection for both the San Diego and Phoenix positions, despite being rated as "best qualified," is without merit.  The Court finds that Plaintiff's beliefs regarding his own qualifications and how that compares with the qualifications of the selectees is not evidence of age discrimination.  The Court finds that Plaintiff's own opinion about his qualifications for the two jobs at issue here does not sufficiently prove that the Secretary's non-discriminatory reasons for Plaintiff's non-selections were pretextual.

Rather, Plaintiff has a duty to put forth evidence that the Secretary's legitimate, non-discriminatory reasons are false and that the real reason that Plaintiff was not selected for either position was because of his age.  The Court finds that Plaintiff has failed to meet this burden.  Furthermore, the Court finds that the Plaintiff's opinion of the relative merits of his credentials as opposed to those of the selectees is insufficient evidence of pretext in advancing his claim for age discrimination under the ADEA.  While Plaintiff disagrees with DHS's decision to not hire him for either the San Diego or Phoenix positions, this is not evidence of age discrimination. Accordingly, the Court finds that Plaintiff has failed

1 | to establish a claim for age discrimination under the
2 | ADEA regarding both the San Diego and Phoenix positions
3 | at issue in this case.
4 | For the reasons stated above, the Court finds in
5 | favor of Defendant Secretary of U.S. Department of
6 | Homeland Security in this Action.  Moreover, given that
7 | the Court finds in favor of the Defendant, the Court
8 | need not address the issue of Plaintiff's damages.

DATED: January 24, 2011

**IT IS SO ORDERED.**

*/s/ Ronald S.W. Lew*
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge